■ Anonymous C., Respondent-Appellant, v Anonymous V., Appellant-Respondent.—Order of the Family Court, New York County (Judith Sheindlin, J.), entered on or about September 8, 1987, which confirmed the findings of the Hearing Examiner with regard to the respective parties' needs and abilities, directed that appellant-respondent pay 69%, amounting to $128 per week, of the support obligations for the subject child, increased the payment of retroactive support from $25 to $60 per week, and determined $10,242.30 to be reasonable counsel fees with 69% liability allocated to respondent to be paid at the rate of $100 per week, is unanimously modified on the law, the facts and in the exercise of discretion to the extent of finding that the total of weekly child support of $185 should be increased by $60 per week to $245 per week, retroactively, to include baby-sitting and child-related transportation expenses and that respondent is further directed to pay 80% of that amount, or $196 per week, as well as 80% of the counsel fees and is also directed to pay the entire cost of the child's medical and dental expenses, retroactively, and otherwise affirmed, without costs and disbursements.

Although the Hearing Examiner accepted petitioner's testimony concerning her child's basic financial requirements, she erroneously omitted any amount for baby-sitting and child-related transportation. In that regard, an examination of the record herein demonstrates that $60 per week is sufficient to meet the cost of such expenses. Moreover, the allocation to respondent father of only 69% of the support obligations and counsel fees is inadequate under the situation prevailing in the instant matter. Respondent is a practicing physician specializing in plastic surgery who, by his own admission, spends $840 per month for his own entertainment. Petitioner mother, in contrast, is presently unemployed and has limited means of

support. In view of the wide disparity in the financial condition and earning capacity of the respective parties, respondent should reasonably bear 80% of the weekly child support expenses, 80% of the legal costs and the entire cost of the child's medical and dental expenses.

The appeals from the orders of the Family Court, New York County (Caroline Kearney, H. E.), entered on or about June 11, 1987 and August 12, 1987, respectively, are dismissed as having been subsumed in the appeal from the order entered on or about September 8, 1987. Concur—Kupferman, J. P., Sullivan, Milonas and Ellerin, JJ.